HALL v. INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS AND HELPERS OF AMERICA, et al.

No. 1646.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

Breazeale & Sachse, of Baton Rouge, for appellants.

Dudley L. Weber and D. J. Sanchez, both of Baton Rouge, for appellee.

LE BLANC, Judge.

This is a suit by Houston Hall, Sr., a member in good standing in the Interna-

tional Brotherhood of Boilermakers, Iron Ship Builders and Helpers of America (which, for the sake of brevity, will be hereinafter referred to as the Brotherhood), a nonprofit-sharing, fraternal organization, which insures its members against death and partial disability. It is organized under the laws of the state of Kansas, having its domicile and principal office in Kansas City, and operates through subordinate lodges in various states throughout the country. Plaintiff was a member of a subordinate lodge mentioned as Local Union No. 37 in the City of New Orleans, in his certificate of insurance. His claim is for the principal sum of $800, being the amount of the benefit provided for under the certificate for partial disability under subsection (b) and the sum of $29.70, being the amount of dues paid by him since he became completely disabled and which he claims should be refunded as they were not due by him under the laws and constitution of the organization.

There are two defenses to plaintiff's action: First, a plea of prematurity under which it is contended that plaintiff has not exhausted all recourses he was obliged to pursue within the organization under its rules and by-laws before resorting to legal proceedings; and, second, a denial that plaintiff has suffered a partial disability such as to entitle him to recover under the terms of the benefit certificate. The district judge filed no written reasons for judgment, but apparently he rejected both defenses, as plaintiff was awarded the full amount of the demand as prayed for. The defendant then appealed.

Taking up the plea of prematurity first, we find that it is based on a clause in the certificate itself which reads as follows:

"It is further agreed that before any suit may be filed by any member insured upon any claim arising under this certificate, claim must be made therefor in accordance with the Constitution and By-Laws of the Brotherhood now in force and all remedies providing for the adjustment of claims under the laws of this Brotherhood be first exhausted (except that it shall not be necessary to resort to the final appeal to the Convention; * * *"

Turning now to the constitution and by-laws of the brotherhood, we are unable to find therein any provision which regulates the manner of presenting a claim for insurance other than section 13 of article XII, which requires him to give notice and furnish proof of loss. Section 6 of article I has particular reference to the adjustment of grievances with considerable authority apparently being vested in the International Executive Committee to hear and determine them and to "recommend and adjust the same as the gravity of the case may require." The last phrase as given in the quoted part of the section would indicate that the grievances therein meant are those which relate to matters of internal management and to disputes between members and the subordinate lodges and their officers. This is made rather plain when section 6 is read in connection with section 5, which precedes it and in which the power and authority of the International Executive Committee are recited. We must say that the clause in the certificate of insurance requiring the member to first exhaust all remedies "providing for the adjustment of claims under the laws of the Brotherhood" before filing suit seems a bit confusing, for we are unable to reconcile it with any of the provisions of the constitution and by-laws by which it is, by its own terms, controlled.

But granting for the sake of argument that under the clause in the certificate and under the constitution and by-laws, the member is required to take certain proceedings within the organization itself before filing suit, we think that under the facts presented, the plaintiff in this case had done all that could be reasonably expected of him and had no other alternative left. The accident giving rise to the claim occurred on December 6, 1934. Notice was given and proof of loss presented in due time. This was followed by a long correspondence with the secretary of the local lodge and then between the latter and the secretary of the International Executive Committee, which shows how the claim was being disputed. There then followed considerable correspondence between the secretary of the committee and the attorney plaintiff had engaged to prosecute his claim, the whole culminating in a letter written by the latter on August 21, 1936, advising that suit would be entered and the reply letter of the secretary of the committee in which he states that "this claim has been denied because there is no provision in our Law for paying a claim of this character," and closes with the following paragraph:

"In order that there may be no doubt in your mind about our position, I am answering your letter immediately, and my

reply meets with the approval of our Attorney. We should be sorry to have suit filed against the Organization, but as long as you are determined to take that position, there is nothing that we can say that will prevent it."

In the face of this positive language in the letter of the secretary of the International Committee, who no doubt was speaking for the committee itself as his letter indicates, and with the approval of their attorney, what more could plaintiff have done to obtain an adjustment of his claim before resorting to suit? Any further proceeding within the organization itself would, in our opinion, have been idle gesture, and it is a well-established rule that the law will not require the doing of a vain and futile thing.

We find no merit in the plea of prematurity, and the same is accordingly overruled.

On the merits, there is involved the interpretation of the clause relating to partial disability benefits under the insurance contract.

Plaintiff claims to have sustained a fracture of the fourth cervicle vertebra which resulted in the complete and irrecoverable loss of the use of his entire right hand or arm and probably the loss also of the entire and complete use of his left hand and arm. Under the contract, the complete loss of the use of only one hand would be sufficient to entitle him to the partial disability benefit of $800 therein provided, for his claim is one presented under section (b) of the partial disability clause, which reads as follows:

"The entire and irrecoverable loss of the use of one entire hand shall be deemed to constitute partial disability and shall be known as Disability (b)."

It is rather pertinent to observe that here, again, there appears to be some conflict between the certificate of insurance and the constitution and by-laws of the organization. The contract, of course, is one that is authorized and exists by virtue of the provisions of the constitution and by-laws of the order. Article XII of the Constitution is the one which prescribes that the brotherhood shall procure or provide benefits for all insured members in good standing. The various sections of that article relate to the different forms of benefits, and section 4 is the one which specifically provides for benefits for partial disability, and with regard to the loss of the use of a hand or arm, we find the following clause:

" * * * and if an insured member at, or away from occupation shall lose the complete use of either hand or arm as a result of accident or disease, he shall be entitled to receive the sum of Eight Hundred ($800.00) Dollars."

It is noted, in comparing the two clauses, that the one in the certificate is considerably more stringent, as the use of the word "irrecoverable" therein indicates. Indeed, counsel for the brotherhood lay great stress on the point that plaintiff has not suffered the "irrecoverable" loss of the use of either hand, for the testimony of his own doctor is that there has been some improvement in his condition and it is reasonable to expect that he will yet show more. We are not prepared, however, to accept the clause in the certificate as the one that is binding on the brotherhood, in view of the conflict which appears between it and the one in the constitution and by-laws. In the construction of contracts of life and accident insurance, it is a well-recognized principle that all provisions of the contract shall be construed liberally in favor of the assured and strongly against the insurer, and this rule applies in interpreting contracts of insurance between benefits societies and their members as well as any other form. Corpus Juris, vol. 45, p. 22, par. 21.

The important question to be decided, then, is whether the plaintiff has suffered the complete loss of the use of either of his hands or arms within the terms of his contract with the defendant.

Due consideration must be given to the occupation the insured was engaged in at the time the contract was entered into. Here we are dealing with a contract which insured a member in a brotherhood of persons engaged in a particular occupation. The idea behind the contract, as we view it, was to protect the member as far as possible, in that occupation. If he was a boilermaker and became disabled by reason of the loss of the use of an arm or hand from pursuing that particular trade or occupation, then he should be entitled to recover. In this case, that is what happened to this plaintiff. By accident, he has been deprived of the use of his right arm to perform the work of a boilermaker. Of this the doctor, on whose testimony defendant relies, has no doubt. As a matter of fact, he seems rather certain that plaintiff

will never be able to engage in any work that requires hard manual labor at all. That being so, we are of the opinion that he has suffered a partial disability which comes within the meaning and the terms of the contract and was entitled to recover as the district judge held he should.

We find the judgment appealed from correct, and it therefore is affirmed.